THE STATE, EX REL. STERN, *v.* QUATTRONE, AUDITOR, ET AL.

(No. 81-1437—Decided October 21, 1981.)

*Mr. Gary M. Stern, pro se.*

*Mr. John J. Mascio,* director of law, for respondent city auditor.

*Mr. Joseph J. Bruzzese, Sr.,* chairman, board of elections, *pro se.*

*Mr. John R. Spon, Jr.,* for respondents Fisher, Barren and Pinciaro, members of the board of elections.

*Per Curiam.* As to respondent Quattrone, this action is now moot inasmuch as he filed the requested certification. The sole issue remaining is whether a writ of mandamus may issue to compel respondents, members of the board of elections, to place the proposed ordinance on the November ballot.

R. C. 731.28 provides in pertinent part: "The board shall submit such proposed ordinance or measure for the approval or rejection of the electors of the municipal corporation at the next succeeding general election, occurring subsequent to seventy-five days after the certifying of such initiative petition to the board of elections. * * * "

The purpose of the 75-day period is to insure that concerned voters have an adequate amount of time to obtain familiarity with the question or issue. See *State, ex rel. English,* v. *Bd. of Elections* (1977), 52 Ohio St. 2d 49, 51. In the case at bar, the initial attempted certification was made 82 days before the election, and , until the filing of the protest 56 days before the election, the board of elections had accepted the initiative petition and intended to place the proposed ordinance on the ballot. Thus, the voters were aware of the proposal more than 75 days before the election.

In light of the above, and the board's finding that the petition was in all other respects valid, the form of the certification becomes no more than a technicality; and its correction less than 75-days before the election does not defeat the purposes of the statute. This court has held that the right of initiative should not be denied " * * * on the basis of some mere technical irregularities which will not interfere with that right and disenfranchise the voters on the choice." *State, ex rel. Williams,* v. *Brown* (1977), 52 Ohio St. 2d 13, 20. See, also, *State, ex rel. Polcyn,* v. *Burkhart* (1973), 33 Ohio St. 2d 7.

Accordingly, the writ prayed for is allowed to compel respondents, members of the board of elections, to place the proposed ordinance on the ballot at the November 3, 1981, general election.

The Clerk of the Ohio Supreme Court shall immediately certify this judgment to the Secretary of State and, in the event of respondents' noncompliance, the Secretary of State is

directed upon the force of this order to utilize such portion of this order as is necessary to place this ordinance on the November 3, 1981, ballot.

*Writ allowed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.