The STATE ex rel. QUIRKE et al., Appellees,

v.

PATRIARCA, Twp. Clerk, et al., Appellants;

Lake County Board of Elections, Appellee.

[Cite as *State ex rel. Quirke v. Patriarca* (1995), 100 Ohio App.3d 367.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 94–L–161.

Decided Jan. 3, 1995.

*James M. Lyons,* for appellees.

*John W. Wiles,* for appellants.

*Steven C. LaTourette,* Lake County Prosecuting Attorney, and *William L. Sheroke,* Assistant Prosecuting Attorney, for appellee Lake County Board of Elections.

---

JOSEPH E. MAHONEY, Judge.

This is an accelerated calendar case submitted to this court on the briefs of the parties.

Appellees, Patrick J. and Mary Quirke ("the Quirkes"), are the owners of real property located at 84 Johnnycake Ridge Road, Painesville Township, Ohio. On August 13, 1993, the Quirkes requested the Painesville Township Zoning Commission to reclassify the property in question from R–1 (residential single family) to B–2 (general retail). The Lake County Planning Commission and the Painesville Township Zoning Commission recommended that the Quirkes' request be approved. Prior to a vote by the Painesville Township Board of Trustees, however, the Quirkes withdrew their petition for a zoning change.

On December 13, 1993, the Quirkes requested the Painesville Township Zoning Commission to reclassify their property from its R–1 classification to B–1 (restricted retail). The Lake County Planning Commission recommended denial of this request. The Painesville Township Zoning Commission recommended approval of the Quirkes' latest request. Subsequently, the Painesville Township Board of Trustees voted to deny the zoning change.

On August 5, 1994, the Quirkes and a committee of three residents of Painesville Township circulated an initiative petition seeking to amend the Painesville Township Zoning Resolution for the Quirkes' property and to have the issue placed on the ballot for the November 8, 1994 general election. The Quirkes sought a rezoning of their property from R–1 to B–2 (general retail). The petition was circulated pursuant to R.C. 504.14, 731.28 through 731.41, 3501.02, and 3501.38. Over eight hundred signatures of Painesville Township voters were obtained.

Ten days after receiving the petition, appellant, Michael Patriarca, the duly elected Clerk of Painesville Township, certified a copy of the text of the proposed measure and the petition to the Lake County Board of Elections, also an appellee in the instant appeal. The board of elections, within ten days, verified that over seven hundred of the signatures were valid and then returned the petition to appellant. It was, thus, determined that the Quirkes had obtained a sufficient number of signatures to have the issue placed on the November ballot.

Patriarca, on the advice of counsel, did not certify the sufficiency and validity of the petition and refused to return it to the board of elections. He was advised

that the zoning issue in question was not a proper subject matter for the initiative petition procedure contained in R.C. 504.14.

Painesville Township is a political subdivision within Lake County; however, it is not organized and operating under a "limited form of self-government" pursuant to R.C. Chapter 504.

On August 26, 1994, the Quirkes filed a petition for a writ of mandamus in the Lake County Common Pleas Court in an effort to have the petition certified and the issue placed on the November 8, 1994 ballot. On October 4, 1994, the trial court granted the writ of mandamus and ordered appellants to certify to the board of elections the sufficiency and validity of the initiative petition in question.

From that decision, appellants timely filed a notice of appeal. Subsequently, this court granted appellants' motion for an order enjoining the Lake County Board of Elections from releasing and making public the results of the initiative election relating to this case. Consequently, the results have been sealed pending the outcome of this appeal.

Appellants have set forth three assignments of error; however, it is evident that the first two assignments of error are interrelated and, therefore, will be addressed together.

█ In the first and second assignments of error, appellants contend that the trial court erred in determining that R.C. 504.14 is applicable to townships which are not organized and operating under a "limited form of self-government." Appellants assert that R.C. 504.14 is not the proper vehicle to effect an amendment to township zoning resolutions. Instead, appellants argue that R.C. 519.12 is the appropriate statute to apply to a township which is not organized and operating under a "limited form of self-government."

R.C. 504.14 provides:

"Resolutions may be proposed by initiative petition by the *electors* in the unincorporated area of the township and adopted by election by these electors, and resolutions adopted by the board of township trustees may be submitted to these electors for their approval or rejection by referendum, under the same circumstances and in the same manner as provided by sections 731.28 to 731.40 of the Revised Code for municipal corporations, except that:

"(A) Initiative and referendum petitions shall be filed with the township clerk who shall perform those duties imposed under such sections upon the city auditor or village clerk.

"(B) *Initiative and referendum* petitions shall contain the signatures of not less than *ten per cent* of the total number of *electors* in the unincorporated area of

the township who voted for the office of governor at the preceding general election for that office in that area of the township." (Emphasis added.)

It is apparent that R.C. 504.14 is not, by its own terms, limited to only "self-government" townships; its individual language is not that restrictive. However, it is unlikely that the legislature intended R.C. 504.14 to apply to townships that have not adopted the self-government form, since the introductory paragraph of Sub.H.B. No. 77, when enacted as R.C. 504.01 to 504.17, declares that its purpose is "to authorize any township to adopt a limited self-government form of township government, under which it may exercise limited powers of local self-government" and to place them in a new chapter of the code titled "Optional Limited Self-Government" without any amendments to R.C. Chapter 519, "Township Zoning," at that time or since, despite clear conflicts in terms, if R.C. 504.14 were to apply to all townships.

Appellants argue that the proper statute to consider regarding the rezoning of property is R.C. 519.12, which does not include an initiative petition as an acceptable method of rezoning property. R.C. 519.12(A) provides, in relevant part:

"Amendments to the zoning resolution may be initiated by motion of the township zoning commission, by the passage of a resolution therefor by the board of township trustees, or by the filing of an application therefor by one or more of the owners or lessees of property within the area proposed to be changed or affected by the proposed amendment with the township zoning commission. * * * "

It is important to note that R.C. 519.12 was first enacted well before R.C. 504.14, which was not enacted until 1991. R.C. 519.12 does not provide for an initiative petition process to the electorate to rezone property. Change may be initiated only by owners or lessees of the property, the township zoning commission, or the board of township trustees. R.C. 504.14 does allow, *inter alia*, an initiative petition for a zoning change by the electors for submission to the electorate.

Additionally, pursuant to R.C. 519.12(H), a referendum petition may be presented to the board of township trustees, after they have adopted or denied the recommendations of the zoning commission, so that the issue may be placed before the electors.

The statute requires that the *referendum* petition be "signed by a number of registered *electors* * * * equal to not less than *eight* per cent of the total vote cast for all candidates for governor * * * at the last preceding general election at which a governor was elected * * *." (Emphasis added.)

The number of signatures required for a referendum petition per R.C. 504.14 conflicts with that required by R.C. 519.12, and electors are authorized to propose resolutions only by R.C. 504.14. If the legislature had intended both statutes to apply to all townships, it would have resolved the differences between them, or it would have repealed one.

R.C. 1.51 provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

In the present case, R.C. 519.12 created the specific method to amend a zoning resolution. R.C. 504.14 is a general initiative procedure. There is only one way possible to construe these two statutes so that effect is given to both and that is if R.C. 519.12 applies to regular statutory townships and R.C. 504.14 applies only to townships operating under a "limited form of self-government."

The only case which has interpreted R.C. 504.14 is *State ex rel. Flood v. Stark Cty. Bd. of Elections* (Aug. 13, 1993), Stark App. No. CA–9403, unreported, 1993 WL 364848. While not binding in our district, the trial court considered the *Flood* decision, finding that it was directly on point. *Flood* is distinguishable on its facts because it involved the creation of a joint fire district; however, the legal issue involved is identical. The Fifth District Court of Appeals phrased the dispute as follows:

"The entire dispute between the within parties is whether Lawrence Township, an unincorporated area which has not adopted the limited self-government form of township government, i.e., a non-home rule township, may utilize the referendum provisions of R.C. 504.14. Stated conversely, do the provisions of R.C. 504.14 only apply to townships who have adopted the limited self-government form of township government?"

The *Flood* court held that the provisions of R.C. 504.14 were clear and unambiguous and, therefore, it applied to all townships whether or not the township utilized the "self-government" form.

We disagree with the Fifth District's analysis. The inquiry does not end simply because the language of a particular statute is not ambiguous. A statute cannot be examined in a vacuum but, rather, must be viewed as part of a whole chapter or part of the entire Revised Code. It is clear that when R.C. 504.14 is examined in this manner, there is a conflict with R.C. 519.12.

Accordingly, we hold that R.C. 504.14 is applicable only to townships which are organized and operating under a "limited form of self-government." Thus, the trial court erred in granting appellees a writ of mandamus.

Appellants' first two assignments of error are well taken.

In the third assignment of error, appellants maintain that the trial court erred in granting appellees' petition for writ of mandamus because the Quirkes failed to meet the requirements entitling them to a writ. In light of our analysis under appellants' first two assignments of error, appellants' third assignment of error is moot and need not be addressed. App.R. 12(A)(1)(c).

The judgment of the trial court is reversed. Costs assessed to appellees.

*Judgment reversed.*

FORD, P.J., and NADER, J., concur.