THE STATE EX REL. DAVIS ET AL. *v.* BEAVER TOWNSHIP BOARD OF TRUSTEES.

[Cite as *State ex rel. Davis v. Beaver Twp. Bd. of Trustees,*

133 Ohio St.3d 170, 2012-Ohio-4177.]

*Mandamus—R.C. 504.01—Petition sought to compel a township board of trustees to adopt a resolution to have the county board of elections submit the question of limited home-rule government to the township electors—Defective petition—Writ denied.*

(No. 2012-1295—Submitted September 11, 2012—Decided September 14, 2012.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1}   This is an action for a writ of mandamus to compel respondent, the Beaver Township Board of Trustees, to adopt a resolution to cause the Mahoning County Board of Elections to submit to the Beaver Township electors the question of whether the township should adopt a limited home-rule government.  Because relators did not strictly comply with the applicable statutory procedure, we deny the writ.

**Facts**

{¶ 2}   Beaver Township of Mahoning County, Ohio, has over 6,000 residents.  Relators, Julia Furhman Davis and Patricia Gorcheff, are Beaver Township residents and qualified state electors.  Relators and other electors circulated a petition on a form prescribed by the secretary of state entitled "Initiative Petition (Municipality or Home Rule Township)," which refers to R.C. 504.14, 731.28 through 731.41, 3501.38, and 3503.06.  The initiative petition is addressed to the Beaver Township Fiscal Officer and requests the township electors to vote on a proposed ordinance that, if approved at the November 6,

2012 general election, would establish Beaver Township as a limited home-rule government:

> We, the undersigned, electors of the township of Beaver Township, Ohio respectfully propose to the electors of such city, village or township for their approval or rejection at the general election to be held on the 6[th] day of November, 2012 the following Ordinance:
>
>     * * *
>
> INITIATIVE PETITION TO ESTABLISH BEAVER TOWNSHIP AS A HOME RULE TOWNSHIP.
>
> Shall the township of Beaver adopt a limited home rule government, under which government the Board of Township Trustees, by resolution, may exercise limited powers of local self-government and limited police powers[?]

{¶ 3} A board of elections employee informed Davis that relators and the other petitioners needed to collect at least 296 signatures of township electors, which equaled 10 percent of the township voters who voted in the last gubernatorial election. On July 23, 2012, relators and other petition circulators submitted the petition, which contained 369 signatures, to the township fiscal officer.

{¶ 4} On July 27, the Beaver Township Board of Trustees held a special meeting to address the petition. After reviewing the petition, the board accepted the recommendation of the prosecuting attorney's office and adopted a resolution rejecting the petition.

{¶ 5} Four days later, on July 31, relators filed this action for a writ of mandamus to direct the board of township trustees to adopt a resolution to cause

the county board of elections to submit to the Beaver Township electors the question of whether the township should adopt a limited home-rule government. After the board of township trustees submitted an answer, the court granted an expedited alternative writ and issued an accelerated schedule for the submission of briefs and evidence. 132 Ohio St.3d 1496, 2012-Ohio-3738, 973 N.E.2d 265. The parties have now submitted their briefs and evidence pursuant to the court's accelerated schedule.

{¶ 6} This cause is now before the court for our consideration of the merits.

## Analysis

### *Mandamus*

{¶ 7} Relators request a writ of mandamus to compel the Beaver Township Board of Trustees to adopt a resolution to have the Mahoning County Board of Elections submit to the township electors the question of whether the township should adopt a limited home-rule government. To be entitled to the requested extraordinary relief, relators must establish a clear legal right to the requested relief, a clear legal duty on the part of the board of township trustees to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Relators must prove that they are entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13. Because of the proximity of the November 6, 2012 general election, which is the election specified in their initiative petition, relators have established that they lack an adequate remedy in the ordinary course of the law. *Id.* at ¶ 6.

### *Clear Legal Right and Clear Legal Duty:*
### *R.C. 504.01(A)(4)*

{¶ 8} For the remaining requirements, relators claim that they have satisfied the applicable requirements under R.C. 504.01(A)(4), which provides:

If a township meets the population requirements of division (A)(2) [a population of at least 5,000 but less than 15,000 in the unincorporated territory of the township] or (3) [a population of 15,000 or more in the unincorporated territory of the township] of this section, the electors of the unincorporated area of the township may *petition the board of township trustees to adopt a resolution* causing the board of elections to submit to the electors the question of whether the township should adopt a limited home rule government. Upon receipt of a petition signed by ten per cent of the electors of the unincorporated area of the township, as determined by the total number of votes cast in that area for the office of governor at the most recent general election for that office, the board of township trustees shall adopt the resolution. The question shall be voted upon at the next general election occurring at least ninety days after the certification of the resolution to the board of elections.

(Emphasis added.)

{¶ 9} Although relators cite R.C. 504.01(A)(4) in support of their mandamus claim, the petition they submitted to the township fiscal officer did not request the board of township trustees "to adopt a resolution causing the board of elections to submit to the electors the question of whether the township should adopt a limited home rule government" as required by that statute.

{¶ 10} Instead, relators used a form prescribed by the secretary of state that allows electors who reside in the unincorporated areas of townships that already have limited home rule to propose by initiative petition a resolution to be

4

submitted to township electors. That is, relators used a form prescribed for initiative and referendum petitions filed pursuant to R.C. 504.14, which provides:

> In a township that adopts a limited home rule government, resolutions may be proposed by initiative petition by the electors in the unincorporated area of the township and adopted by election by these electors, and resolutions adopted by the board of township trustees may be submitted to these electors for their approval or rejection by referendum, under the same circumstances and in the same manner as provided in sections 731.28 to 731.40 of the Revised Code for municipal corporations, except that both of the following apply:

> (A) Initiative and referendum petitions shall be filed with the township fiscal officer, who shall perform the duties imposed under those sections upon the city auditor or village clerk.

> (B) Initiative and referendum petitions shall contain the signatures of not less than ten per cent of the total number of electors in the unincorporated area of the township who voted for the office of governor at the most recent general election for that office in that area of the township.

{¶ 11} Under R.C. 504.01(A), the duty of the board of township trustees to adopt the electors' petition is conditioned on the receipt of a petition "to adopt a resolution causing the board of elections to submit to the electors the question of whether the township should adopt a limited home rule government." Relators instead submitted an initiative petition to submit a proposed resolution to the electors pursuant to R.C. 504.14 in townships that have already adopted a limited home-rule government.

**{¶ 12}** Under these circumstances, the Beaver Township Board of Trustees did not have a legal duty under either R.C. 504.01(A)(4) or 504.14 to adopt a resolution allowing the question of whether the township should adopt a limited home-rule government to be submitted to the electors. " '[T]he settled rule is that election laws are mandatory and require strict compliance and that substantial compliance is acceptable only when an election provision expressly states it is.' " *State ex rel. Edwards Land Co., Ltd. v. Delaware Cty. Bd. of Elections*, 129 Ohio St.3d 580, 2011-Ohio-4397, 954 N.E.2d 1193, ¶ 41, quoting *State ex rel. Ditmars v. McSweeney*, 94 Ohio St.3d 472, 476, 764 N.E.2d 971 (2002) (plurality opinion).

**{¶ 13}** Because R.C. 504.01(A)(4) and 504.14 do not state that substantial compliance is acceptable, their requirements must be strictly followed. Relators did not submit the proper petition to the board of township trustees as required by R.C. 504.01(A)(4). Instead, they submitted a petition purporting to be under R.C. 504.14 to the township fiscal officer. R.C. 504.14 does not apply because Beaver Township has not adopted limited home-rule government. *See State ex rel. Quirke v. Patriarca*, 100 Ohio App.3d 367, 370, 654 N.E.2d 136 (1995). And although the court liberally construes the rights of initiative and referendum, *see S.I. Dev. & Constr., L.L.C. v. Medina Cty. Bd. of Elections*, 100 Ohio St.3d 272, 2003-Ohio-5791, 798 N.E.2d 587, ¶ 22, we will not do so when the applicable statutory requirements are—as here—not satisfied, *see State ex rel. Gemienhardt v. Delaware Cty. Bd. of Elections*, 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶ 57.

**{¶ 14}** Finally, insofar as relators' claim suggests that their error came from the use of forms that might have been supplied by election officials to them, the board of township trustees is not estopped from asserting the defects in the petition presented to the township fiscal officer. *See State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 37

(relators' reliance on forms prescribed by the secretary of state and advice given by the board of elections in completing and filing an initiative petition did not estop election officials from asserting defects in the petition).

{¶ 15} Therefore, relators do not have a clear legal right to the requested extraordinary relief, nor is there a corresponding clear legal duty on the part of the board of township trustees to provide it.

### Conclusion

{¶ 16} Based on the foregoing, relators have not established by the requisite clear and convincing evidence that they are entitled to a writ of mandamus to compel the Beaver Township Board of Trustees to adopt a resolution pursuant to R.C. 504.01(A)(4) causing the Mahoning County Board of Elections to submit to the electors the question of whether the township should adopt a limited home-rule government. We consequently deny the writ.

Writ denied.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., dissents.

_____

Law Office of Warner Mendenhall, Inc., and Warner D. Mendenhall, for relators.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Gina DeGenova Bricker, Assistant Prosecuting Attorney, for respondent.

_____