[Cite as *State ex rel. Orange Twp. Bd. of Trustees v. Delaware Cty. Bd. of Elections,* 135 Ohio St.3d 162, 2013-Ohio-36.]

THE STATE EX REL. ORANGE TOWNSHIP BOARD OF TRUSTEES *v.*

DELAWARE COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Orange Twp. Bd. of Trustees v. Delaware Cty. Bd. of Elections,* 135 Ohio St.3d 162, 2013-Ohio-36.]

*Elections—Mandamus—Action by township board of trustees to compel board of elections to place a tax levy on special-election ballot—Certifying documents to board of elections by e-mail permitted in this case, where neither board of elections nor statutes specifies the manner in which documents may be certified to the board—Writ granted.*

(No. 2012-2077—Submitted January 8, 2013—Decided January 11, 2013.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an expedited election action by relator, Orange Township Board of Trustees, for a writ of mandamus to compel respondent, Delaware County Board of Elections, to place a tax levy for fire protection and emergency medical services in excess of the ten-mill limitation on the February 5, 2013 special-election ballot. Because the board of elections abused its discretion by refusing to place the levy on the ballot, we grant the writ.

**Facts**

{¶ 2} Orange Township, which is located in Delaware County, Ohio, operates a fire department that the township board of trustees claims employs about 48 people and covers over 22 square miles. The township placed a 7.8-mill, three-year renewal levy with an increase for fire protection and emergency medical services under R.C. 5705.19(I) on the November 6, 2012 general-election ballot. The levy failed by 468 votes. The collection of the original levy ends on

December 31, 2012, and according to the township board of trustees, the township planned layoffs of 22 of its fire-department employees and closing one of its fire stations due to insufficient funds.

{¶ 3} Orange Township thus decided to place a 7.5-mill, three-year additional levy for fire protection and emergency medical services on the February 5, 2013 special-election ballot. The deadline to have the levy placed on the special-election ballot was November 7, 2012, by 4:00 p.m.

{¶ 4} On November 7, relator, the Orange Township Board of Trustees, adopted Resolution 12-453, which declared a necessity to levy an additional tax in excess of the ten-mill limitation for fire protection and emergency medical services under R.C. 5705.19(I), 5705.191, and 5705.25, and requested that the Delaware County auditor certify, under R.C. 5705.03, the total current tax valuation of the township and the dollar amount of revenue that will be generated by 7.5 mills per calendar year if the tax is approved by the electors.

{¶ 5} On that same date, the county auditor issued a certificate of estimated property tax revenue, in which he estimated that the property tax revenue that would be produced by the stated 7.5 mills would be $7,637,199 and that the total tax valuation used in calculating the estimated property tax revenue was $1,018,293,260.

{¶ 6} The board of township trustees then adopted Resolution 12-454, which declared it necessary to levy the additional 7.5-mill, three-year tax levy in excess of the ten-mill limitation and determined to proceed to have the tax question submitted to township electors at the February 5, 2013 special election.

{¶ 7} To have the levy placed on the ballot, the township had to certify to the board of elections, by the November 7, 2012 deadline, the auditor's certificate of estimated property tax revenue and the resolution declaring it necessary to levy the additional tax and to proceed with the submission of the question of the tax to the township electors, i.e., Resolution 12-454. *See* R.C. 5705.19(I) and

5705.03(B). In its brief, the board of elections notes that it now agrees that "there is no statutory requirement for a political subdivision to file" the resolution of necessity, i.e., Resolution 12-453, with the board of elections.

{¶ 8} The board of elections does not have a policy or rule regarding the mode, manner, or method of submitting documents to it. At 3:52 and 3:53 p.m. on November 7, Orange Township Administrator Gail Messmer sent e-mails to Delaware County Board of Elections Director Karla Herron attaching the board of township trustees' resolutions and the auditor's certification.

{¶ 9} At 3:57 p.m. on November 7, Orange Township Administrative Assistant Nancy Fay personally delivered a paper copy of the auditor's certificate of estimated tax revenue with the board of elections. At 4:00 p.m., Orange Township Fiscal Officer Assistant Connie Martin personally appeared at the board of elections with Resolution 12-454. The Board of Elections clerk required Martin to show identification before file-stamping the resolution at 4:02.

{¶ 10} Director Herron informed the township representatives that she would make sure that the board of elections received all of the documentation e-mailed and presented by hand delivery and file-stamped, but that she did not know whether the board would accept the documents.

{¶ 11} On December 6, 2012, the board of elections voted four to zero to deny certification of the levy to the February 5, 2013 special-election ballot. The board determined that the township had failed to submit the documents for the levy by the 4:00 p.m. deadline on November 7, 2012.

{¶ 12} Six days later, on December 12, the Orange Township Board of Trustees filed this expedited election action for a writ of mandamus to compel the Delaware County Board of Elections to immediately place the 7.5-mill, three-year levy on the February 5, 2013 special-election ballot. The board filed an answer, and the parties filed briefs under the accelerated schedule in S.Ct.Prac.R. 10.9

(now S.Ct.Prac.R. 12.08). The township board of trustees' reply brief was due on December 27, but none was filed.

{¶ 13} This cause is now before the court for our consideration of the merits.

## Analysis

### *Mandamus*

{¶ 14} The Orange Township Board of Trustees requests a writ of mandamus to compel the Delaware County Board of Elections to place the additional tax levy for fire protection and emergency medical services on the February 5, 2013 special-election ballot. To be entitled to the requested writ of mandamus, the board of township trustees must establish a clear legal right to the requested relief, a clear legal duty on the part of the board of elections to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections*, 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12. The board of township trustees must prove these requirements by clear and convincing evidence. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 13, quoting *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, paragraph three of the syllabus (" 'Relators in mandamus cases must prove their entitlement to the writ by clear and convincing evidence' "). Because of the proximity of the February 5 election, the board of township trustees has established that it lacks an adequate remedy in the ordinary course of the law. *Taxpayers for Westerville Schools* at ¶ 12.

### *Clear Legal Right and Clear Legal Duty*

{¶ 15} For the remaining requirements, the board of township trustees claims that the board of elections abused its discretion and clearly disregarded applicable law by failing to place the levy on the special-election ballot. *See State*

*ex rel. Coble v. Lucas Cty. Bd. of Elections*, 130 Ohio St.3d 132, 2011-Ohio-4550, 956 N.E.2d 282, ¶ 11.

**{¶ 16}** Orange Township attempted to place the levy on the February 5, 2013 special-election ballot under R.C. 5705.19(I), which authorizes taxes to be raised for fire protection and other emergency services. *See Rootstown Twp. Bd. of Trustees v. Rootstown Water Serv. Co.*, 11th Dist. No. 2011-P-0084, 2012-Ohio-3888, ¶ 21. R.C. 5705.19 provides:

> The taxing authority of any subdivision at any time and in any year, by vote of two-thirds of all the members of the taxing authority, may declare by resolution and certify the resolution to the board of elections not less than ninety days before the election upon which it will be voted that the amount of taxes that may be raised within the ten-mill limitation will be insufficient to provide for the necessary requirements of the subdivision and that it is necessary to levy a tax in excess of that limitation for any of the following purposes:
>
> * * *
>
> (I)  For the purpose of providing and maintaining fire apparatus, appliances, buildings, or sites therefor, or sources of water supply and materials therefor, or the establishment and maintenance of lines of fire alarm telegraph, or the payment of firefighting companies or permanent, part-time, or volunteer firefighting, emergency medical service, administrative, or communications personnel to operate the same, including the payment of any employer contributions required for such personnel under section 145.48 or 742.34 of the Revised Code, or the purchase of ambulance equipment, or the provision of ambulance,

paramedic, or other emergency medical services operated by a fire department or firefighting company.

{¶ 17} The Orange Township Board of Trustees passed Resolution 12-453, which declared a necessity to levy an additional tax in excess of the ten-mill limitation for fire protection and emergency medical services under R.C. 5705.19(I), the county auditor certified the total current tax valuation of the township and the dollar amount of revenue that will be generated per calendar year by a 7.5-mill levy if the tax is approved by the electors in accordance with R.C. 5705.03(B)(1), and the board of trustees passed Resolution 12-454, declaring it necessary to levy the additional tax and its intent to proceed with the submission of the question of the tax to township electors.

{¶ 18} R.C. 5705.03(B)(3) provides:

If, upon receiving the certification from the county auditor, the taxing authority proceeds with the submission of the question of the tax to electors, the taxing authority shall certify its resolution or ordinance, accompanied by a copy of the county auditor's certification, to the proper county board of elections in the manner and within the time prescribed by the section of the Revised Code governing submission of the question, and shall include with its certification the rate of the tax levy, expressed in mills for each one dollar in tax valuation as estimated by the county auditor. The county board of elections shall not submit the question of the tax to electors unless a copy of the county auditor's certification accompanies the resolution or ordinance the taxing authority certifies to the board. Before requesting a taxing authority to submit a tax levy, any agency or authority authorized to make that

request shall first request the certification from the county auditor provided under this section.

{¶ 19} Under R.C. 3501.02(F)(1), "any question or issue, except a candidacy, to be voted upon at an election shall be certified, for placement upon the ballot, to the board of elections not later than four p.m. of the ninetieth day before the day of the election." November 7, 2012, was the 90th day before the February 5, 2013 election. Thus, for the board of elections to have a duty to place the proposed levy on the February 5, 2013 special-election ballot, Orange Township had to certify Resolution 12-454 with a copy of the county auditor's certificate of estimated property tax revenue to the board of elections by 4:00 p.m. on November 7, 2012.

{¶ 20} The board of township trustees claims that it substantially complied with the statutory deadline by electronically transmitting its resolutions and the auditor's certificate just before 4:00 p.m. on November 7. Conversely, the board of elections claims that it properly rejected the attempted electronic submission because the resolution and certificate were not certified to the board until the paper copies were physically delivered to them, and the board of township trustees delivered paper copies of only the auditor's certificate by the 4:00 p.m. deadline on November 7.

{¶ 21} Resolution of the parties' dispute requires the interpretation of R.C. 3501.02(F)(1), which specifies that the resolution declaring it necessary to levy an additional tax and to proceed with the submission of the question of the tax to the electors and the accompanying copy of the county auditor's certification must be "certified * * * to the board of elections" by the deadline. *See also* R.C. 5705.03(B)(3) ("the taxing authority shall certify its resolution or ordinance, accompanied by a copy of the county auditor's certification, to the proper county

board of elections in the manner and within the time prescribed by the section of the Revised Code governing submission of the question").

{¶ 22} "The paramount concern in statutory interpretation is the legislative intent in enacting the statute." *Taxpayers for Westerville Schools*, 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 17. "To discern this intent, we first consider the statutory language, reading words and phrases in context and construing them in accordance with rules of grammar and common usage." *State ex rel. Choices for South-Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 40.

{¶ 23} "Certify" means "[t]o authenticate or verify in writing" or "[t]o attest as being true or meeting certain criteria." *Black's Law Dictionary* 258 (9th Ed.2009); *see also State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107 (unsigned precirculation copy of ordinance proposed by initiative petitioners did not constitute a certified copy for purposes of R.C. 731.32). The board of township trustees' Resolution 12-454 was certified because it was attested to as being a true copy. The county auditor's certificate was certified.

{¶ 24} The resolution and accompanying auditor's certificate had to be certified "*to* the board of elections not later than four p.m. of the ninetieth day before the day of the election." (Emphasis added.) R.C. 3501.02(F)(1). In this context, "to" is "used as a function word to indicate movement or an action or condition suggestive of movement toward (1) a place, person, or thing that is reached." *Webster's Third New International Dictionary* 2401 (1986).

{¶ 25} That is, the pertinent certified township resolution and auditor's certificate had to be delivered to the board of elections by the 4:00 p.m. deadline on November 7, 2012, for the board to have a duty to place the proposed additional tax levy on the special-election ballot.

**{¶ 26}** However, neither the board of elections nor the statute specifies how the documents are to be delivered. Numerous court rules make filing requirements explicit and explicitly set out when paper, electronic, and facsimile filings are acceptable. *See, e.g.*, Civ.R. 5(E) ("filing" defined; provision for local rules to allow electronic filing); Civ.R. 10(E) (size of paper to be filed); Crim.R. 12(B) ("filing" defined; provision for local rules to allow electronic filing), App.R. 13(A) ("filing" defined; court of appeals may adopt local rules to provide for electronic filing of documents); S.Ct.Prac.R. 3.09(A)(2)(a) (specifying that documents filed should be on "opaque, unglazed, 20 to 22 pound weight, white paper, 8½ by 11 inches in size"); S.Ct.Prac.R. 3.02(A)(1) (filing defined as submission in person, by mail, or by delivery service); S.Ct.Prac.R. 3.02(C) (specifying documents that may be filed by e-mail).

**{¶ 27}** Unlike the courts, the Delaware County Board of Elections does not have a rule or even a policy regarding the manner in which documents may be "filed with" or "certified to" the board. In the absence of such a rule, the e-mail transmission of the requisite documents at 3:52 and 3:53 p.m., i.e., before the 4:00 p.m. deadline on November 7, 2012, was adequate to be considered a "certification to" the board, especially considering that the paper documents followed immediately (within ten minutes) and without change.

**{¶ 28}** Moreover, even if submission of paper documents were required, the Orange Township Board of Trustees in this case substantially complied with the requirements of R.C. 3501.02(F)(1) when it e-mailed the documents at issue to the Board of Elections before the 4:00 p.m. deadline and then delivered paper versions of one of the documents to a Board of Elections employee within the deadline, but delivered the paper version of the second document, without alteration, two minutes past the 4:00 p.m. deadline.

**{¶ 29}** As we have stated before, "[i]n general, election statutes in Ohio are mandatory and require strict compliance unless the statute specifically permits

substantial compliance." *Stutzman v. Madison Cty. Bd. of Elections*, 93 Ohio St.3d 511, 514, 757 N.E.2d 297 (2001), citing *State ex rel. Wilson v. Hisrich*, 69 Ohio St.3d 13, 16, 630 N.E.2d 319 (1994), and *State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections*, 65 Ohio St.3d 167, 169, 602 N.E.2d 615 (1992).

{¶ 30} "Nevertheless, we have also at times held that courts must avoid unduly technical interpretations that impede public policy in election cases." *Stutzman* at 514, citing *State ex rel. Ruehlmann v. Luken*, 65 Ohio St.3d 1, 3, 598 N.E.2d 1149 (1992).  Thus, a technical violation that prevents an issue from reaching the ballot should have some connection to the public interest and serve a public purpose.  *Stutzman* at 515.  *See also State ex rel Stern v. Quattrone*, 68 Ohio St.2d 9, 426 N.E.2d 1389 (1981) (discovery that initiative petition had been untimely certified to the board of elections was held not to bar its inclusion on the ballot, as the late certification did not prevent citizens from becoming familiar with its provisions).

{¶ 31} In this case, the board of trustees attempted to place on the ballot a levy that it represents is necessary to provide safety services to its community.  The fact that the resolution was time-stamped  two minutes late kept no citizen from becoming familiar with the proposed levy and harmed no one's rights.  The board of trustees claims that without a levy, the fire department's ability to do its crucial work will be compromised.  We do not agree with the dissent that all electronic filings will meet statutory requirements, but in this case, the people of Orange Township should have the opportunity to determine whether the cuts to safety services that would occur without a levy are acceptable.

Writ granted.

O'CONNOR, C.J., and PFEIFER, LANZINGER, and KENNEDY, JJ., concur.

O'DONNELL, FRENCH, and O'NEILL, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

{¶ 32} Respectfully, I dissent.

{¶ 33} There is no rationale for this court's adoption of a standard to permit e-mail filing with the board of elections merely because the Delaware County Board of Elections has no rule in place precluding filing by electronic means. Here, the majority has elected to follow the principle that because no rule is in place precluding electronic filing, it is permitted, and it holds that the e-mail sent to Karla Herron, director of the Delaware County Board of Elections, constitutes substantial compliance with the statutory requirement to certify to the board of elections the resolution and the county auditor's certificate. In my view, an e-mail filing should be rejected when no rule or statute expressly authorizes filing by electronic means.

{¶ 34} The traditional means of filing is the physical delivery of a document to the appropriate office in a timely fashion. We said as much recently: "In the general sense, filing is actual delivery. It means taking a document to a clerk of courts for file-stamping as a court record." *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 36. And in *Louden v. A. O. Smith Corp.*, 121 Ohio St.3d 95, 2009-Ohio-319, 902 N.E.2d 458, ¶ 15, we explained that "historically, 'filing' occurs when a person *manually presents* a paper pleading to the clerk of courts." (Emphasis added.)

{¶ 35} Our decision in *Louden* is instructive. In that case, two parties attempted to electronically file notices of appeal of a summary judgment entered against them, but the appellate rules did not expressly permit electronic filing, and the trial court clerk did not forward the electronic notices to the appellate court. After the time for perfecting an appeal had elapsed, the parties filed paper copies of the notices of appeal, but the appellate court dismissed the appeals as having

been untimely filed.  On appeal of the dismissal to this court, we affirmed, explaining at the syllabus:

> Unless a local rule of the appellate court, properly approved under Sup.R. 27, expressly permits filing a notice of appeal by electronic means, a party appealing a trial court order must file a paper copy of the notice of appeal with the clerk of the trial court pursuant to App.R. 3.

**{¶ 36}** Similar to the parties in *Louden*, the township had no authority to file the resolution and certificate of the township auditor by e-mail because no rule or statute expressly authorizes the filing of documents by electronic means. Therefore, in my view, the e-mailed resolution and certificate were not properly filed with the board.

**{¶ 37}** The definition of "certified" does not change this result.  R.C. 3501.02(F)(1) required the resolution and accompanying certificate of the auditor of the county to be "certified * * * to the board of elections" not later than 4:00 p.m. on November 7, 2012.  The term "certify" means to "[t]o authenticate or verify in writing" or "[t]o attest as being true or meeting certain criteria." *Black's Law Dictionary* 258 (9th Ed.2009).  In *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, we explained, " ' "Attest" means "to certify to the verity of a copy of a public document *formally by signature*." ' " (Emphasis added in *Morrissey*.)  *Id.* at ¶ 22, quoting *State ex rel. Crossman Communities of Ohio, Inc. v. Greene Cty. Bd. of Elections*, 87 Ohio St.3d 132, 137, 717 N.E.2d 1091 (1999), quoting *Black's Law Dictionary* 127-128 (6th Ed.1990).

**{¶ 38}** Yet here, the township did not certify the resolution and the certificate of the auditor, because the e-mail contains no formal signature attesting

to the verity of these public documents. Rather, it is manifest that the township e-mailed only a courtesy copy of the resolution and certificate to the director of the county board of elections. Had the township intended that the e-mail constitute its formal filing, it would not also have presented paper copies of the resolution and the certificate to the board, albeit two minutes after the deadline.

**{¶ 39}** We have consistently held that election laws are mandatory and require strict compliance unless the election statute expressly authorizes substantial compliance. *See, e.g., State ex rel. Davis v. Beaver Twp. Bd. of Trustees*, 133 Ohio St.3d 170, 2012-Ohio-4177, 977 N.E.2d 578, ¶ 12; *State ex rel. Edwards Land Co., Ltd. v. Delaware Cty. Bd. of Elections*, 129 Ohio St.3d 580, 2011-Ohio-4397, 954 N.E.2d 1193, ¶ 41. This is necessary to maintain the certainty and accountability essential for administration of fair elections. Because nothing in R.C. 3501.02(F) permits substantial compliance, strict compliance is required.

**{¶ 40}** Therefore, in the absence of any express duty to permit electronic transmission of documents to the board of elections, the board of elections did not abuse its discretion or clearly disregard applicable law in rejecting the township's e-mailed versions of the pertinent resolution and auditor's certificate, because they were not timely certified to it for placement of the levy on the special-election ballot. Although I am sensitive to the township's need to provide safety services to its residents—a concern that appears to motivate the majority in this case—we "cannot create the legal duty that is enforceable in mandamus; the creation of this duty is a legislative and not a judicial function." *State ex rel. Whitehead v. Sandusky Cty. Bd. of Commrs.*, 133 Ohio St.3d 561, 2012-Ohio-4837, 979 N.E.2d 1193, ¶ 31.

**{¶ 41}** Going forward, all those charged with accepting filings of whatever nature must be forewarned that absent a specific direction or rule precluding e-mail delivery or specifying the exact manner of delivery, pursuant to this court's

new view as expressed in the majority opinion, electronic filings sent to individuals and not to the board as designated by statute will meet statutory requirements.  In my view, that is not a directive this court can or should make. For these reasons, I would deny the writ.

FRENCH and O'NEILL, JJ., concur in the foregoing opinion.

_____

Jennifer L. Springer, Special Prosecuting Attorney, for relator.

Nick A. Soulas Jr., Special Prosecuting Attorney, for respondent.

_____