O’Donnell, J.,
dissenting.
{¶ 32} Respectfully, I dissent.
{¶ 33} There is no rationale for this court’s adoption of a standard to permit email filing with the board of elections merely because the Delaware County Board of Elections has no rule in place precluding filing by electronic means. Here, the majority has elected to follow the principle that because no rule is in place precluding electronic filing, it is permitted, and it holds that the e-mail sent to Karla Herron, director of the Delaware County Board of Elections, constitutes substantial compliance with the statutory requirement to certify to the board of elections the resolution and the county auditor’s certificate. In my view, an email filing should be rejected when no rule or statute expressly authorizes filing by electronic means.
{¶ 34} The traditional means of filing is the physical delivery of a document to the appropriate office in a timely fashion. We said as much recently: “In the general sense, filing is actual delivery. It means taking a document to a clerk of courts for file-stamping as a court record.” Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm., 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 36. And in Louden v. A.O. Smith Corp., 121 Ohio St.3d 95, 2009-Ohio-319, 902 N.E.2d 458, ¶ 15, we explained that “historically, ‘filing’ occurs when a person manually presents a paper pleading to the clerk of courts.” (Emphasis added.)
{¶ 35} Our decision in Louden is instructive. In that case, two parties attempted to electronically file notices of appeal of a summary judgment entered against them, but the appellate rules did not expressly permit electronic filing, and the trial court clerk did not forward the electronic notices to the appellate court. After the time for perfecting an appeal had elapsed, the parties filed paper copies of the notices of appeal, but the appellate court dismissed the appeals as having been untimely filed. On appeal of the dismissal to this court, we affirmed, explaining at the syllabus:
Unless a local rule of the appellate court, properly approved under Sup.R. 27, expressly permits filing a notice of appeal by electronic means, *170 a party appealing a trial court order must file a paper copy of the notice of appeal with the clerk of the trial court pursuant to App.R. 3.
{¶ 36} Similar to the parties in Louden, the township had no authority to file the resolution and certificate of the township auditor by e-mail because no rule or statute expressly authorizes the filing of documents by electronic means. Therefore, in my view, the e-mailed resolution and certificate were not properly filed with the board.
{¶ 37} The definition of “certified” does not change this result. R.C. 3501.02(F)(1) required the resolution and accompanying certificate of the auditor of the county to be “certified * * * to the board of elections” not later than 4:00 p.m. on November 7, 2012. The term “certify” means to “[t]o authenticate or verify in writing” or “[t]o attest as being true or meeting certain criteria.” Black’s Law Dictionary 258 (9th Ed.2009). In State ex rel. Steele v. Morrissey, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, we explained, “ ‘ “Attest” means “to certify to the verity of a copy of a public document formally by signature.” ’ ” (Emphasis added in Morrissey.) Id. at ¶ 22, quoting State ex rel. Crossman Communities of Ohio, Inc. v. Greene Cty. Bd. of Elections, 87 Ohio St.3d 132, 137, 717 N.E.2d 1091 (1999), quoting Black’s Law Dictionary 127-128 (6th Ed.1990).
{¶ 38} Yet here, the township did not certify the resolution and the certificate of the auditor, because the e-mail contains no formal signature attesting to the verity of these public documents. Rather, it is manifest that the township emailed only a courtesy copy of the resolution and certificate to the director of the county board of elections. Had the township intended that the e-mail constitute its formal filing, it would not also have presented paper copies of the resolution and the certificate to the board, albeit two minutes after the deadline.
{¶ 39} We have consistently held that election laws are mandatory and require strict compliance unless the election statute expressly authorizes substantial compliance. See, e.g., State ex rel. Davis v. Beaver Twp. Bd. of Trustees, 133 Ohio St.3d 170, 2012-Ohio-4177, 977 N.E.2d 578, ¶ 12; State ex rel. Edwards Land Co., Ltd. v. Delaware Cty. Bd. of Elections, 129 Ohio St.3d 580, 2011-Ohio-4397, 954 N.E.2d 1193, ¶ 41. This is necessary to maintain the certainty and accountability essential for administration of fair elections. Because nothing in R.C. 3501.02(F) permits substantial compliance, strict compliance is required.
{¶ 40} Therefore, in the absence of any express duty to permit electronic transmission of documents to the board of elections, the board of elections did not abuse its discretion or clearly disregard applicable law in rejecting the township’s e-mailed versions of the pertinent resolution and auditor’s certificaté, because they were not timely certified to it for placement of the levy on the special- *171 election ballot. Although I am sensitive to the township’s need to provide safety services to its residents- — a concern that appears to motivate the majority in this case — we “cannot create the legal duty that is enforceable in mandamus; the creation of this duty is a legislative and not a judicial function.” State ex rel. Whitehead v. Sandusky Cty. Bd. of Commrs., 133 Ohio St.3d 561, 2012-Ohio-4837, 979 N.E.2d 1193, ¶ 31.
Jennifer L. Springer, Special Prosecuting Attorney, for relator.
Nick A. Soulas Jr., Special Prosecuting Attorney, for respondent.
{¶ 41} Going forward, all those charged with accepting filings of whatever nature must be forewarned that absent a specific direction or rule precluding email delivery or specifying the exact manner of delivery, pursuant to this court’s new view as expressed in the majority opinion, electronic filings sent to individuals and not to the board as designated by statute will meet statutory requirements. In my view, that is not a directive this court can or should make. For these reasons, I would deny the writ.
French and O’Neill, JJ., concur in the foregoing opinion.