[Cite as *Young v. Franklin Cty. Bd. of Elections*, 2022-Ohio-1432.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael J. Young, | : | |
| Relator, | : | |
| v. | : | No. 22AP-214 |
| Franklin County Board of Elections, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on April 29, 2022

---

**On brief:** *Michael J. Young*, pro se.  **Argued:** *Michael J. Young*.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, *Jeanine A. Hummer*, *Amy L. Hiers*, and *Andrea C. Hofer*, for respondent.  **Argued:** *Andrea C. Hofer*.

---

IN MANDAMUS

KLATT, J.

{¶ 1} Relator, Michael J. Young, filed this original action requesting an emergency writ of mandamus ordering respondent, Franklin County Board of Elections ("board"), to certify him as a candidate for the Republican primary election for Ohio's Third Congressional District, which is scheduled for May 3, 2022.  Because relator has failed to demonstrate that the board abused its discretion when it refused to certify his petitions for candidacy, we deny his request for an emergency writ of mandamus.

**Facts and Procedural History**

{¶ 2}   On March 4, 2022, relator filed a declaration of candidacy with the board seeking to be placed on the May 3, 2022 primary election ballot as a Republican candidate for Ohio's Third Congressional District.  The petition submitted by relator included 59 signatures.  Ohio law requires that the declaration of candidacy and petitions submitted by a candidate to their board of elections must be signed by "not less than fifty qualified electors who are members of the same political party as the political party of which the candidate is a member."  R.C. 3513.05.  Ohio law also requires that the voting address given by a signer must be the address appearing in the registration records at the board of elections.  R.C. 3501.38(C).

{¶ 3}   Upon review of relator's declaration of candidacy and petitions, the board determined that only 46 of the 59 submitted signatures were valid.  Therefore, the board did not certify relator's candidacy to the ballot.  In a letter to relator dated March 15, 2022, the board informed relator that his petition contained "Insufficient Valid Signatures," and his candidacy would not be certified.

{¶ 4}   In response, relator sent the board a letter dated March 23, 2022 in which he demanded that he be certified to the primary election ballot as a Republican candidate for the Third Congressional District.  Relator's letter stated that he had been informed about the invalid signatures by a member of the board's staff and that he contested the board's determination that four particular signatures on his petition were invalid.  Relator also stated that he had attached affidavits from three of the individuals who had signed his petitions (Patrick Kelly, Nataliya Mayfield, and Michael McCathrin) but whose signatures had been found invalid by the board.  He further stated that he had another affidavit to be signed but that the affiant was out of town but would be returning in a few days to sign.  The affiants essentially stated that they were residents of Franklin County; they were registered to vote in Franklin County; and their signatures on the petition were authentic.  Two of the affiants also made statements about their address.  Based on these affidavits, relator requested that these four specific signatures be found to be valid and that they be added to the 46 signatures previously found to be valid by the board.  With the addition of these 4 signatures, relator contended that he had submitted 50 valid signatures and that his declaration of candidacy and petitions should be certified by the board.

{¶ 5}   On March 28, 2022, relator delivered to the board the affidavit of Richard Scott Blaes, which is the fourth affidavit referenced in his earlier letter.   Relator again demanded that he be certified to the ballot.

{¶ 6}   The board construed relator's March 23 and 28, 2022 letters as requests for reconsideration of its March 15, 2022 determination.   The board did not place relator's requests on its agenda and, in a letter dated March 28, 2022, informed relator that it had declined to hear his request for reconsideration.   The materials submitted with relator's complaint do not indicate, nor does relator allege, that he requested an evidentiary hearing before the board.

{¶ 7}   Relator filed this emergency petition for writ of mandamus on April 1, 2022 seeking an order compelling respondent to certify his candidacy to the May 3, 2022 primary election ballot as a Republican candidate for Ohio's Third Congressional District. Respondent filed an answer and the parties have jointly submitted the case to the court on briefs and oral argument.

**Legal Analysis**

{¶ 8}   It is well-settled law that in order for a writ of mandamus to issue, relator must demonstrate that (1) he has a clear legal right to the relief prayed for; (2) respondents are under a clear legal duty to perform the acts requested; and (3) he has no plain and adequate remedy in the ordinary course of law.   *State ex rel. Scott v. Franklin Cty. Bd. of Elections*, 139 Ohio St.3d 171, 2014-Ohio-1685, ¶ 14, citing *State ex rel. Allen v. Warren Cty. Bd. of Elections*, 115 Ohio St.3d 186, 2007-Ohio-4752, ¶ 8.   For this court to issue a writ of mandamus in a matter stemming from a dispute before the board of elections, the candidate must "establish a clear legal right to certification of his candidacy and placement of his name on the [primary] election ballot, a corresponding clear legal duty on the part of the board of elections to certify his candidacy and place his name on the ballot, and the lack of an adequate remedy in the ordinary course of law." *State ex rel. Duncan v. Portage Cty. Bd. of Elections*, 115 Ohio St.3d 405, 2007-Ohio-5346, ¶ 8.   A relator must prove these requirements by clear and convincing evidence.   *State ex rel. Orange Twp. Bd. of Trustees v. Delaware Cty. Bd. of Elections*, 135 Ohio St.3d 162, 2013-Ohio-36, ¶ 14.   Inasmuch as the May 3, 2022 primary election is fast approaching, relator has proven that he lacks an adequate remedy in the ordinary course of law.   *State ex rel. Waters v. Spaeth*, 131 Ohio

St.3d 55, 2012-Ohio-69, ¶ 6, citing *State ex rel. Eshleman v. Fornshell*, 125 Ohio St.3d 1, 2010-Ohio-1175, ¶ 20.

{¶ 9} Turning to the remaining requirements for mandamus, we note that in original actions challenging a decision of a board of elections, the applicable standard is whether the board engaged in fraud or corruption, abused its discretion, or acted in clear disregard of applicable legal provisions. *State ex rel. Crossman Communities of Ohio, Inc. v. Greene Cty. Bd. of Elections*, 87 Ohio St.3d 132, 135-36 (1999), *overruled on other grounds, State ex rel. Commit. for the Referendum of Ordinance No. 3844-02 v. Norris*, 99 Ohio St.3d 336, 2003-Ohio-3887. In the case before us, fraud or corruption is not alleged or an issue in this case. We therefore review the matter to determine whether the board abused its discretion or acted in clear disregard of election law by determining that relator's petition did not contain the required number of valid signatures. *State ex rel. Greene v. Montgomery Cty. Bd. of Elections*, 121 Ohio St.3d 631, 2009-Ohio-1716, ¶ 11.

{¶ 10} The general duties of the boards of election in Ohio with respect to nominating petitions are set forth in R.C. 3501.11, which provides in pertinent part as follows:

> Each board of elections shall exercise by a majority vote all powers granted to the board by Title XXXV of the Revised Code, shall perform all the duties imposed by law, and shall do all of the following:
>
> * * *
>
> (K) (1) Review, examine, and certify the sufficiency and validity of petitions and nomination papers, and, after certification, return to the secretary of state all petitions and nomination papers that the secretary of state forwarded to the board[.]

*See also Greene*, 121 Ohio St.3d 631, 2009-Ohio-1716, at ¶ 20 (board of elections has duty to review, examine, and certify the sufficiency and validity of petitions).

{¶ 11} Here, the board determined that only 46 of the 59 signatures on relator's petitions were valid. Because R.C. 3513.05 requires 50 valid signatures, the board refused to certify relator's candidacy to the primary ballot. In support of his request for reconsideration, relator submitted four affidavits from persons who had signed his petition but whose signatures were deemed invalid. According to relator, these four affidavits

established that their signatures were valid, and if added to the 46 signatures already deemed valid by respondent, would satisfy the 50-signature requirement. We disagree with relator that these affidavits constitute clear and convincing evidence that respondent abused its discretion by not certifying his candidacy to the May 3, 2022 primary election.

{¶ 12} For relator to reach the 50 valid signature requirement, all four of the disputed signatures would have to be found valid. Relator has not presented clear and convincing evidence that all four of these signatures are valid under Ohio law. Among other requirements, Ohio law requires that the voting address given by the signer of the petition must be the address appearing in the registration records at the board of elections for that signer. R.C. 3501.38(C). One of the affidavits submitted by relator is from Nataliya Mayfield. Although Mayfield states that she is a resident of Franklin County, Ohio, is registered to vote in Franklin County, and relator's petition bears her authentic signature, she also states that her address is "6266 Braiden Ct. – Columbus, Ohio, although the Franklin County Board of Elections may show my address, erroneously, as 794 McNaughten Road – Columbus, Ohio." This statement strongly suggests that the address Mayfield identified on relator's petition was different from the address indicated on her voter registration. Such a discrepancy would invalidate her signature. R.C. 3501.38(C).

{¶ 13} Likewise, Michael McCathrin states in his affidavit that he is a resident of Franklin County, Ohio, is registered to vote in Franklin County, and relator's petition bears his authentic signature. However, McCathrin also states that his address is "6266 Braiden Ct. – Columbus, Ohio, although the Franklin County Board of Elections may show my address, erroneously, as a different address." Again, this statement suggests that the address McCathrin identified on relator's petition might be different from the address indicated on his voter registration. Such a discrepancy would invalidate his signature. R.C. 3501.38(C).

{¶ 14} The only evidence we have before us are the four affidavits and related letters attached to relator's complaint. We note that there is no evidence in the record indicating why respondent found these four particular signatures invalid. The remaining two affidavits (from Patrick Kelly and Richard Scott Blaes) submitted by relator state nothing about their address. Nor do any of the four affidavits indicate whether the affiants are members of the same political party as relator. Two of the affidavits relator submitted

suggest that the signers indicated an address on the petition that may have differed from the address listed on their voter registration in contravention of R.C. 3105.38(C). Given these specific statements, the lack of evidence regarding why respondent found the signatures invalid, and the absence of other important information in the affidavits to establish compliance with all the statutory requirements, relator has not shown by clear and convincing evidence that the board abused its discretion in refusing to certify relator's candidacy to the Republican primary ballot. Because relator has not shown that he has a clear legal right to be placed as a candidate for the Republican primary election ballot, nor that respondent is under a clear legal duty to place him on the primary ballot, we deny relator's request for a writ of mandamus.

*Writ of mandamus denied.*

SADLER and MENTEL, JJ., concur.

_____