THE STATE, EX REL. SENN, APPELLEE, v. BOARD OF ELECTIONS OF CUYAHOGA COUNTY ET AL., APPELLANTS.

[Cite as State, ex rel. Senn, v. Bd. of Elections (1977), 51 Ohio St. 2d 173.]

(No. 77-747—Decided September 29, 1977.)

*Speck, Wilbur & Senn Co., L. P. A.,* and *Mr. Thomas Blair Wilbur,* for appellee.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Thomas P. Gill* and *Mr. David A. Williamson,* for appellants.

*Per Curiam.* The general rule in Ohio is that election statutes are mandatory and must be strictly complied with. See, *e. g., State, ex rel. Abrams,* v. *Bachrach* (1963), 175 Ohio St. 257, 259.

R. C. 3513.05 provides, in pertinent part:

"The declaration of candidacy and all part-petitions shall be filed at the same time as one instrument."

This provision is substantive and contemplates "*one* declaration of candidacy which shall be *uniform* and *complete* in accordance with statutory mandates." *State, ex rel. Ferguson,* v. *Brown* (1962), 173 Ohio St. 317, 319. (Emphasis *sic.*)

The facts in this case quite clearly indicate that appellee, contrary to R. C. 3513.05, filed his master form subsequent to his part-petitions.

Furthermore, in granting the writ of mandamus, the Court of Appeals merely substituted its opinion for that of the board of elections. R. C. 3501.11 provides in part that:

"Each board of elections shall * * *

"* * *

"(K) Review, examine, and certify the sufficiency and validity of petitions and nomination papers."

The decision of the board on these matters is final and, in the absence of allegations of fraud, corruption, abuse of discretion, or a clear disregard of statutes or applicable legal provisions, is not subject to judicial review. *State, ex rel. Flynn,* v. *Bd. of Elections* (1955), 164 Ohio St. 193.

No such specific allegations were here made. Successful mandamus actions serve only to erode the contemplated finality of the decisions of the boards of elections.

For reasons of the foregoing, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

CELEBREZZE and LOCHER, JJ., dissent.

CELEBREZZE, J., dissenting. Appellee filed a total of 12 part-petitions, containing a photo-copy of his declaration of candidacy and the verified signatures of two hundred and fifteen qualified electors, clearly more than the

one hundred and fifty valid signatures required for the office of Municipal Court judge. In addition, appellee filed his uncirculated master petition form, which included the disputed declaration of candidacy, and paid the fifty dollar filing fee.

The part-petitions and the master form were accepted for filing at the offices of the board of elections prior to the statutory deadline. However, one week after that date the board decided that, because appellee, who was the only party candidate, filed his master petition form on the day following the filing of the part-petition, his name would not appear on the November 8, 1977, general election ballot. Appellee thereafter initiated an action in mandamus in the Court of Appeals for Cuyahoga County.

After the Court of Appeals granted appellee's complaint for writ of mandamus the board of elections issued a certificate of nomination to appellee, which instrument stated that appellee was certified to be the "duly nominated * * * party candidate" for the office of Municipal Court judge. Approximately three days after appellee received his certificate of nomination the board of elections apparently decided that, despite its certification, appellee was *not* the duly nominated party candidate for the office of Municipal Court judge. The board of elections subsequently filed the instant appeal with this court.

The one day delay in the filing of the master petition form was an error made in good faith, induced in part by the assurances of a board of elections employee. Appellee's error did not in any way interfere with the free and honest exercise of the ballot. On the contrary, the board of elections' insistence on a meticulous regard for detail will in this instance cause a previously certified candidate to lose a place on the ballot. Because the candidate completed an otherwise valid filing within the "filing deadline" I fail to see a statutory violation prejudicial to the elective process.

LOCHER, J., concurs in the foregoing dissenting opinion.