THE STATE, EX REL. YACOBOZZI, *v.* LORAIN COUNTY BOARD OF ELECTIONS.

(No. 3935 — Decided November 20, 1985.)

*Thomas A. Januzzi* and *Anthony B. Giardini,* for relator.

*John Keressi,* assistant prosecuting attorney, for respondent.

GEORGE, P.J. This is an original action in mandamus before this court pursuant to Section 3(B)(1)(b), Article IV, of the Ohio Constitution. Relator, Ronald D. Yacobozzi, seeks an order of this court compelling respondent, Lorain County Board of Elections, to certify his nomination petitions as a candidate for the Amherst Exempted Village Board of Education and to place his name on the general election ballot of November 5, 1985.

On August 16, 1985, relator filled out and signed five nominating petitions declaring his candidacy for a position on the local board of education. The petitions complied in all respects with the statutory requirements, but the day of the month on which they were signed was omitted. The requisite number of qualified elector's signatures was secured on each petition. The electors' signatures were dated August 19, 20 and 21.

On August 22, 1985, relator presented his petitions in respondent's office. He filled in the date on one petition as August 22, 1985; the remaining were left blank as to the day. Since the date of the last elector to sign the dated petition was August 21, 1985, respondent refused to accept the petitions for filing on grounds that the petitions indicated they were circulated before they were signed by the candidate, contrary to instructions on the forms.

Relator changed the day on the one to the 16th, filled in the day on the remainder as the 16th, and resubmitted them. However, relator subsequently was informed by letter from respondent that the petitions had been rejected because they were not dated prior to being circulated. A hearing was held at which respondent affirmed its decision to reject the petitions. Relator then filed this action in mandamus. This court finds that the writ should be granted.

The issue presented by this action for mandamus is whether the board of elections abused its discretion in refusing to validate the relator's petitions. Relator contends that the omission of the day of the month of his signature on

his nominating petitions does not provide a basis for respondent's refusal to validate those petitions. Respondent contends that the omission of this admittedly technical requirement creates a risk of misleading prospective electors who sign the petitions.

The form and procedure for executing petitions is governed by R.C. 3513.261, which requires that the candidate sign the nominating petition before the circulator presents it to the electors for their signatures. The statute states that the petition may consist of several petition papers, "each of which shall be *substantially* in the form prescribed in this section." (Emphasis added.) It does not specifically require that the candidate date his signature. However, respondent argues that language on the form for a nominating petition prescribed by the Secretary of State upon authority of R.C. 3513.261 requires that the candidate date his signature. The language relied upon reads:

"Note — The Candidate *must fill in* and sign his statement of candidacy before Petitions are circulated." (Emphasis added.)

Because relator initially omitted the day of the month on the date preceding his signature, respondent claims the petitions were not "filled in" prior to circulation and therefore were not in compliance with the above-quoted language. Failure to comply with such technical rules, respondent asserts, creates a "great potential for abuses in the electoral system." The Supreme Court, however, in construing a similar section of the state's Elections Code, has said that:

"Absolute compliance with every technicality should not be required in order to constitute *substantial* compliance, unless such complete and absolute conformance to each technical requirement of the printed form serves a public interest and a public purpose."

(Emphasis *sic.*) *Stern* v. *Bd. of Elections* (1968), 14 Ohio St. 2d 175, 180 [43 O.O.2d 286].

Respondent here offers no overriding "public interest" or "public purpose" served by insertion of the day of the month the petition was signed by the candidate other than to suggest that the board was unable to determine from the face of the petition "if the electors were properly informed as to the nature of relator's candidacy" when they signed.

Respondent, however, has stipulated that relator completely filled out the statement of candidacy portion of each petition and signed them on August 16, 1985, prior to their circulation among electors. Clearly, the electors were properly informed.

Where the statute requires only substantial compliance and the only omission admittedly misled no one, and there is no evidence of fraud or deception, public policy favoring free competitive elections outweighs arguments for absolute compliance with technical requirements in the petition form. *Stern* v. *Bd. of Elections, supra,* at 184. Thus, the board here abused its discretion in rejecting relator's petitions where the only omission was the day of the month upon which he signed them prior to their circulation among electors.

In order for relator to qualify for the remedy of mandamus, he must demonstrate that: (1) he has a clear legal right to the writ; (2) respondent has a clear legal duty to perform the requested act, and (3) he has no plain and adequate remedy at law. *Creasy* v. *Waller* (1982), 1 Ohio St. 3d 93. Relator has shown that he has substantially complied with the requirements for nominating petitions. Thus, he has a clear legal right to have his name placed on the ballot. Pursuant to R.C. 3501.11(K), respondent had a clear legal duty to certify relator's petitions and to put his name on the ballot of the November 5, 1985 election. Any

alternative remedy was obviously inadequate to relator.

This opinion is not to be construed as saying that a board of elections may be compelled to accept facially incomplete petitions. Such was not the case here. The petitions as resubmitted were completely filled in. The question here was only if the board may reject such petitions once it knows the petitions were incomplete by omission of the day of the month upon which the candidate signed the petitions when they were circulated.

Therefore, the writ of mandamus is granted. The Lorain County Board of Elections was ordered by a preliminary writ issued by this court October 9, 1985, to certify relator's nominating petitions and to place his name on the November 5, 1985 ballot.

*Writ granted.*

QUILLIN and BAIRD, JJ., concur.