THE STATE, EX REL. MANSFIELD, D.B.A. HOLLYWOOD TAVERN, APPELLANT, *v.* MAHONING COUNTY BOARD OF ELECTIONS ET AL., APPELLEES.

[Cite as State, ex rel. Mansfield, *v.* Mahoning Cty. Bd. of Elections (1988), 40 Ohio St. 3d 16.]

(No. 87-2184—Submitted September 8, 1988—Decided November 30, 1988.)

18

*Paul F. Gambrel* and *Andrew G. Bresko,* for appellant.

*Gary L. Van Brocklin,* prosecuting attorney, and *Richard T. Davis,* for appellees.

*Per Curiam.* R.C. 4301.321 provides for the exercise of local option over sales in connection with Class C or D liquor permits at a particular location in a precinct "if the holder of the permit has been found by the liquor control commission to have violated any provision of Chapter 4301., 4303., or 4399. of the Revised Code within one year prior to the local option election." R.C. 4301.331, in outlining the procedure for pursuing this privilege, similarly requires that any petitions filed with the county board of elections be accompanied by "a copy of a finding, order, or decision of the liquor control commission indicating that the permit holder has violated any provision of Chapter 4301., 4303., or 4399. of the Revised Code * * *."

Appellant argues that because a local option election could result in the loss of his liquor permits, causing the forfeiture of his right to do business, these statutes should be strictly construed such that only violating a statutory provision can be grounds for exercising the local option privilege. Relying generally on cases like *State, ex rel. Senn,* v. *Bd. of Elections* (1977), 51 Ohio St. 2d 173, 5 O.O. 3d 381, 367 N.E. 2d 879, appellant also contends that, as election statutes, R.C. 4301.321 and 4301.331 are mandatory and require appellees' strict compliance. From these premises, appellant concludes that appellees acted contrary to law in allowing the issue of appellant's permits to be placed on the ballot and erred in not sustaining appellant's protest.

We, however, agree with the court of appeals' conclusion that by finding appellant in violation of Ohio Adm. Code 4301:1-1-49, the commission also found appellant in violation of R.C. Chapter 4301, for purposes of exercising the local option privilege. Indeed, it is well-established that administrative regulations have the force and effect of law. *State, ex rel. Cuyahoga Cty. Hosp.,* v. *Bur. of Workers' Comp.* (1986), 27 Ohio St. 3d 25, 28, 27 OBR 442, 444, 500 N.E. 2d 1370, 1372. The violation of a regulation properly promulgated under R.C. Chapter 4301 is certainly a violation of "any provision of" that chapter. R.C. 4301.321 and 4301.331.

Before a writ of mandamus will issue, appellant must show, *inter alia,* that appellees are under a clear legal duty to perform the requested act. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph ten of the syllabus. Because appellees complied with the local option statutes at issue, they had no duty to remove the question regarding appellant's liquor permits from the ballot. Accordingly, the judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.