THE STATE EX REL. WILSON *v.* HISRICH, CHAIRMAN, ET AL.

[Cite as *State ex rel. Wilson v. Hisrich* (1994), 69 Ohio St.3d 13.]

(No. 94–522—Submitted March 23, 1994—Decided March 25, 1994.)

*Arnebeck & Christensen* and *Clifford O. Arnebeck, Jr.,* for relator.

*Michael A. Cochran,* Tuscarawas County Assistant Prosecuting Attorney, for respondent.

*Lee I. Fisher,* Attorney General, *Andrew I. Sutter* and *Andrew S. Bergman,* Assistant Attorneys General, for intervenor.

*Per Curiam.* For the following reasons we deny a peremptory writ of mandamus. The Secretary of State's motion to intervene is granted.

In his first proposition of law, relator demands a peremptory writ because respondent failed to state a reason for rejecting his petition. He cites R.C. 3501.39, which states:

"The secretary of state or a board of elections shall accept any petition described in section 3501.38 of the Revised Code unless one of the following occurs:

" * * *

"(C) The candidate's candidacy or the petition violates the requirements of this chapter, Chapter 3513. of the Revised Code, or any other requirements established by law."

Although respondent's minutes of the February 24, 1994 hearing fail to reflect the reason it rejected relator's petitions, we find that relator had actual notice that the petitions were rejected because three petitions failed to contain a copy of the declaration of candidacy, as required by R.C. 3513.09. Moreover, relator was

clearly given an opportunity to be heard at the February 24 hearing. Accordingly, we find no abuse of discretion or constitutional deprivation on this issue.

In his second proposition of law, relator argues that R.C. 3513.09 should be construed so that a declaration of candidacy is required on "each separate petition paper" instead of "each petition paper." The meaning of this assertion only becomes clear in context. R.C. 3513.09 states:

"If the petition, required by section 3513.07 of the Revised Code to be filed with a declaration of candidacy, consists of more than one separate petition paper, the declaration of candidacy of the candidate named need be signed by the candidate on only one of such separate petition papers, but the declaration of candidacy so signed shall be copied on each other separate petition paper before the signature[s] of electors are placed thereon."

Relator filed only one declaration of candidacy and petition paper, attaching to it three additional petition papers that did not contain a declaration of candidacy. Relator argues in favor of construing the four petition papers to be a single, "separate petition paper" under R.C. 3513.09. However, such a construction, although possible, would permit the evils that R.C. 3513.09 seems clearly intended to prevent: (1) lack of clear notice to signers, and (2) creation of petitions which could be used for some candidacy other than that intended by the signers. Moreover, such a construction would not literally comply with the first phrase of R.C. 3513.09, which refers to the petition "required by section 3513.07 of the Revised Code to be filed with a declaration of candidacy." The form of the declaration and petition outlined in R.C. 3513.07 is a declaration followed by a petition, all on one form. The statutes do not provide for a form containing only the petition portion of the declaration and petition, although "petition paper" (R.C. 3501.38) and "separate petition paper" (R.C. 3513.09) are sometimes mentioned alone. Therefore, R.C. 3513.09's ultimate requirement that only one declaration need be signed, but that the signed declaration must be copied on "each other separate petition paper," conforms to R.C. 3513.07 only if each "petition paper" or each "separate petition paper" contains both a declaration of candidacy, whether original or copy, and a petition on each form.

In his third proposition of law, relator attempts to answer a charge that if his single declaration of candidacy and several petition papers should be considered only one petition, then the petition was signed by more than one circulator—relator and his son—in violation of R.C. 3513.05.[1] However, if each petition paper is separate, there is no R.C. 3513.05 violation because the separate petition

---

1. R.C. 3513.05 states in part:
   "Each separate petition paper shall be circulated by one person only, who shall be the candidate or a joint candidate or a member of the same political party as the candidates * * *."

papers were each signed by only one circulator. We find the latter situation applicable here. Relator is not in violation of R.C. 3513.05; he is in violation of R.C. 3513.09's requirement that each separate petition paper contain a copy of the declaration of candidacy.

In his fourth proposition of law, relator argues that deletion of names from several petitions without correcting the total number of signatures on the petition is not a violation of law. Respondent does not contest this issue. We held in *State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections* (1992), 65 Ohio St.3d 167, at 171–173, 602 N.E.2d 615, at 619–620, that so long as the stated total is not less than the number of signatures, as is the case here, there is no violation.

In his fifth proposition of law, relator argues that R.C. 3513.07 requires only substantial compliance with the form for a declaration of candidacy and petition, that his single declaration and several petition papers constitute substantial compliance, and that "[i]n any event because the uncontroverted facts presented to the Board by way of affidavit from all the signers of the petition show that the declaration of candidacy was a part of the petition paper they signed, the essential purpose of [R.C.] 3513.09 was fulfilled." Both respondent and the Secretary of State argue that R.C. 3513.09 requires strict compliance.

R.C. 3513.07 may be satisfied by substantial compliance with the form of a declaration of candidacy and petition, but the omission of the entire declaration from three petition papers would hardly qualify as substantial compliance. Therefore, we find that R.C. 3513.09 is the critical statute here. It states that the signed declaration of candidacy "shall be copied on each other separate petition paper." This is a clear requirement and the "general rule in Ohio is that election statutes are mandatory and must be strictly complied with." *State ex rel. Senn v. Cuyahoga Cty. Bd. of Elections* (1977), 51 Ohio St.2d 173, 5 O.O.3d 381, 367 N.E.2d 879.

As to relator's affidavits, the Secretary of State argues that requiring boards of elections to evaluate such evidence every time a declaration of candidacy was omitted from a petition paper would be "overly time-consuming and would all but guarantee the filing of lawsuits such as this one." More important, even though relator subsequently obtained affidavits from seventy-five signers of his petitions, each signer swearing that before signing he or she had his or her attention called to the declaration of candidacy, which indicated that relator was the candidate, these affidavits come too late. They were signed on February 21, 22, and 23 and were submitted to the respondent on February 24 at the hearing, after the filing deadline. Thus, to allow the affidavits would be, in effect, to allow relator to supplement his petition after the filing deadline.

Even if the affidavits had been filed before the filing deadline, R.C. 3513.05 and 3501.38(K) require a declaration of candidacy and separate petition papers to be filed at the same time as one instrument. In *State ex rel. McMillen v. Ashtabula Cty. Bd. of Elections* (1992), 65 Ohio St.3d 186, 602 N.E.2d 631, we held that this requirement prohibits a candidate from filing additional signatures after a declaration of candidacy and set of petition papers had previously been filed. Accordingly, the later filing of the supplementary affidavits would also violate the single-filing, single-instrument requirements of R.C. 3513.05 and 3501.38(K).

Finally, the standard for overturning a board's decision in such cases is "fraud, corruption, abuse of discretion, or a clear disregard of statutes or applicable legal provisions." *Senn, supra,* 51 Ohio St.2d at 175, 5 O.O.3d at 382, 367 N.E.2d at 880. We find no such violation in respondent's decision not to consider the affidavits.

In his sixth proposition of law, relator merely restates his belief that he is entitled to a peremptory writ. We hold otherwise, however, because we construe R.C. 3513.09 as a mandatory requirement for a declaration of candidacy on each separate form, and because we also hold that relator's affidavits cannot be used to supplement the deficient petitions he filed originally.

*Writ denied.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.