{¶ 6} I concur in judgment only in part and dissent with respect to portions of the majority decision as outlined below.
 {¶ 7} Relators seek redress on three specific issues involving the invalidating of provisional ballots asserting: 1. Improper use of the electronic voter data base rather than the original voter registration forms as required by R.C. 3503.13; 2. Rejection of provisional ballots based on nonmaterial omissions or errors involving signatures in violation of the Voting Rights Act, H.A.V.A. and the Equal Protection Clause; 3. Rejection of provisional ballots based on nonmaterial omissions or errors involving missing affirmations documents or stickers in violation of the Voting Rights Act, H.A.V.A. and the Equal Protection Clause.
 {¶ 8} With respect to the first request for relief, for the reasons outlined below, I believe petitioners have stated a valid claim under mandamus. I would direct the Secretary of State and the Cuyahoga County Board of Elections to recount all rejected provisional ballots using the original completed voter registration forms.
 {¶ 9} With respect to the claims raised in the second and third portions of the request for relief, I agree with the majority decision and analysis that there exists a plain and adequate remedy at law, specifically 42 U.S.C., Section 1983.
 {¶ 10} Relators assert that all votes should be counted pursuant to the statutory requirements. They are seeking to have votes that were cast counted pursuant to the statutorily mandated process.
 {¶ 11} A writ of mandamus is proper where the Secretary of State or the election board refuses to count votes. State exrel. White v. Franklin County Board of Elections, et al. (1992),65 Ohio St.3d 5, 598 N.E.2d 1152. Here, relators claim that the respondent's failure to use either the precinct register or the permanent office record of the board of elections to establish who is an actual registered voter, or the failure to create and maintain a viable electronic voter registration record, is a violation of the legal duty to administer elections in accordance with Ohio law. In effect, votes are not counted and voters are disenfranchised by the failure to follow the requirements of R.C.3503.13(A), 3503.13(C)and 3503.13(D).
 {¶ 12} "(A) Except as provided in division (C) of this section, registration forms shall consist of original and duplicate cards or loose-leaf pages as prescribed by the secretary of state. When such registration forms have been filled out and filed in the office of the board of elections, the original forms shall be filed together in one file and the duplicate forms shall be filed together in another file. Except as otherwise provided in division (D) of this section, the original forms shall be filed by precincts and shall constitute the precinct register for use in polling places on election day. The duplicate forms shall be filed alphabetically and shall constitute the permanent office record of the board. It shall not be removed from the office of the board except upon the order of a court." § 3503.13. Registration forms, records.
 {¶ 13} The use of electronic records is authorized under R.C.3503.13 (C)which states:
 {¶ 14} "(C) The board of elections of a county that adopts or has adopted electronic data processing for the registration of qualified electors of the county may use a single registration form complying with the requirements of division (A) of this section. The information contained on the form may be duplicated on punch cards, magnetic tape, discs, diskettes, or such other media as are compatible with the data processing system adopted by the board and may constitute the permanent office record in lieu of the duplicate registration card." § 3503.13. Registration forms, records.
 {¶ 15} Further, R.C. 3503.13(D) authorizes the use of the electronic record as a substitute for the original registration forms.
 {¶ 16} "(D) Instead of using the original registration forms as the precinct register in the polling places on election day as provided in division (A) of this section, a board of elections that has adopted electronic data processing may use a legible digitized signature list of voter signatures, copied from the signatures on the registration forms in a form and manner prescribed by the secretary of state, provided that the board continues to record and maintain at the board office the information obtained from the form prescribed under section3503.14 of the Revised Code, and provided that the precinct election officials have computer printouts at the polls containing any necessary information specified by the secretary of state that would otherwise be available to them on the registration forms." § 3503.13. Registration forms, records.
 {¶ 17} The application of both R.C. 3503.13(C) and 3503.13(D) are predicated on the principle that the electronic records utilized as a substitute for the original forms in R.C. 3503.13(A)are accurate and reflect the actual voter registration forms under R.C. 3503.14.
 {¶ 18} Based on the documentary evidence submitted, the electronic media record of voter registrations compiled by the Cuyahoga County Board of Elections apparently does not accurately reflect the actual voter registration records completed by those who actually registered to vote.
 {¶ 19} I am cognizant that portions of the claims raised here arise directly from the discretionary advice provided by the Ohio Secretary of State to the local election board over how to count the votes. As the Ohio Supreme Court has stated: "Though he is required to advise the boards, the content of his advice is discretionary. Mandamus will not issue to govern how discretion is exercised." State ex rel. Hodges v. Taft (1992),64 Ohio St.3d 1, 591 N.E.2d 1186, citing State ex rel. Martin v.Corrigan (1986), 25 Ohio St.3d 29, 494 N.E.2d 1128. Nevertheless, discretionary actions of a board of elections or of the Secretary of State are subject to judicial review under mandamus for fraud, corruption, abuse of discretion or a clear disregard of statutes or applicable legal provisions. State exrel. Senn v. Bd. of Elections (1977), 51 Ohio St.2d 173, 175,367 N.E.2d 879, 880, (concerning a board of election's decisions on matters of sufficiency and validity of petitions).
 {¶ 20} I do not see the issue raised here as a renewed contest over who was elected president, even if that is in part the intent of some of the relators. While this election is over, the problem remains. The fact that some votes will never be counted is a problem that will evade review if not addressed. The most significant issue raised here is the integrity and accuracy of our voting system. The potential disenfranchisement of voters is a significant issue for all Americans, regardless of political orientation.
 {¶ 21} For there to be an adequate remedy at law, the remedy must be complete, beneficial, and speedy. State ex rel. Carterv. Schotten, 70 Ohio St.3d 89, 1994-Ohio-37, 637 N.E.2d 306, citing State ex rel. Horwitz v. Cuyahoga Cty. Court of CommonPleas, Probate Div. (1992), 65 Ohio St.3d 323, 328,603 N.E.2d 1005, 1009; State ex rel. Liberty Mills, Inc. v. Locker (1986),22 Ohio St.3d 102, 488 N.E.2d 883. I do not believe reliance on a 42 U.S.C., Section 1983 action will provide speedy relief for the relators. For that reason, I would direct the Secretary of State and the Cuyahoga County Board of Elections to recount all rejected provisional ballots using the original completed voter registration forms.
 {¶ 22} With respect to the remaining issues raised, I concur in judgment only with the majority opinion.