[Cite as *State ex rel. Scott v. Franklin Cty. Bd. of Elections,* 139 Ohio St.3d 171, 2014-Ohio-1685.]

THE STATE EX REL. SCOTT, APPELLANT, *v.* FRANKLIN COUNTY

BOARD OF ELECTIONS, APPELLEE.

[Cite as *State ex rel. Scott v. Franklin Cty. Bd. of Elections,*

139 Ohio St.3d 171, 2014-Ohio-1685.]

*Elections—Mandamus—Nominating petition—Action to compel board of elections to place relator's name on the ballot—Court of appeals' judgment reversed—Writ granted.*

(No. 2014-0504—Submitted April 15, 2014—Decided April 21, 2014.)

APPEAL from the Court of Appeals for Franklin County,

No. 14AP-197, 2014-Ohio-1395.

_____

**Per Curiam.**

{¶ 1}   Appellant, Zachary Scott, filed suit in the Tenth District Court of Appeals seeking a writ of mandamus to compel the Franklin County Board of Elections to place his name on the May 6, 2014 primary ballot as a candidate for the Democratic Party State Central Committee.  The court of appeals denied the writ.

{¶ 2}   We reverse the decision of the lower court and grant the writ of mandamus.  In addition, we grant Scott's motion, filed April 7, 2014, to enlarge the record.

**Facts**

{¶ 3}   Scott submitted a declaration of candidacy to run in the May 6, 2014 primary for an elected position on the Democratic Party State Central Committee.  Along with the declaration, Scott submitted a nominating petition containing nine total signatures.

**{¶ 4}** To qualify for the ballot, Scott needed valid signatures from five qualified electors residing in the appropriate district who are members of the Democratic Party.  R.C. 3513.05.

**{¶ 5}** Appellee, the Franklin County Board of Elections, determined that four signatures were valid.  The board concluded that four signatures were not valid: two signatories lived outside the district boundaries and two others were not registered at the addresses listed on the petition.  Scott does not dispute these conclusions.

**{¶ 6}** The board's staff marked the final signature, that of Tara Patel, with the notation "NG" to indicate that it was "not genuine."  The board agreed that Patel's signature was invalid.  Therefore, on February 18, 2014, the board rejected Scott's declaration because, in the board's judgment, Scott did not submit five valid signatures.  Scott filed a timely notice of appeal with the board.

**{¶ 7}** On March 4, 2014, the board held a hearing on his protest.  Manasi Chatterji, the petition circulator, testified that she witnessed Tara Patel sign the petition.  Patel testified that she signed her name in cursive at Chatterji's direction.

**{¶ 8}** At the close of testimony, the board voted to deny Scott's protest.

**{¶ 9}** Scott filed a complaint for a writ of mandamus with the Tenth District Court of Appeals three days later, on March 7, 2014.  The court denied the writ, and Scott timely appealed.

**Analysis**

**{¶ 10}** At the outset, we reject the board's attempt to invoke laches. Laches may bar relief in an election-related matter if the person seeking relief fails to act with "requisite diligence." *State ex rel. Voters First v. Ohio Ballot Bd.*, 133 Ohio St.3d 257, 2012-Ohio-4149, 978 N.E.2d 119, ¶ 16, quoting *Smith v. Scioto Cty. Bd. of Elections*, 123 Ohio St.3d 467, 2009-Ohio-5866, 918 N.E.2d 131, ¶ 11.

**{¶ 11}** The board does not allege unreasonable delay by Scott. Instead, the board faults Scott for filing his complaint in the Tenth District Court of Appeals, rather than as an original action in this court, when he should have known that the matter could not be fully adjudicated, including appeals, before the start of voting.

**{¶ 12}** Laches applies to litigants who sit on their rights and fail to seek timely relief in some appropriate court. Scott did not sit on his rights. He moved quickly to seek relief, and the Tenth District Court of Appeals was an appropriate forum. This court has never applied laches against a litigant for failing to seek relief first in the court of last resort. We hold that laches does not bar our consideration of the merits of this expedited election appeal.

**{¶ 13}** We likewise reject the board's contention that the case is moot because voting has already commenced. Certainly this court has held that an election case is moot once voting is *over*. *State ex rel. Bona v. Orange*, 85 Ohio St.3d 18, 21, 706 N.E.2d 771 (1999). But an election case does not become moot when early voting *begins*. To so hold would be illogical and would make it nearly impossible for some candidates who are denied ballot access to seek relief in court.

**{¶ 14}** We therefore turn to consideration of the merits. For a writ of mandamus to issue, Scott must establish a clear legal right to placement of his name on the ballot, a corresponding clear legal duty on the part of the board to place his name on the ballot, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Allen v. Warren Cty. Bd. of Elections*, 115 Ohio St.3d 186, 2007-Ohio-4752, 874 N.E.2d 507, ¶ 8. Scott must prove these requirements by clear and convincing evidence. *State ex rel. Orange Twp. Bd. of Trustees v. Delaware Cty. Bd. of Elections*, 135 Ohio St.3d 162, 2013-Ohio-36, 985 N.E.2d 441, ¶ 14.

**{¶ 15}** Because of the proximity of the May 6 primary, Scott lacks an adequate remedy in the ordinary course of the law. *State ex rel. Ohio Liberty Council v. Brunner*, 125 Ohio St.3d 315, 2010-Ohio-1845, 928 N.E.2d 410, ¶ 27.

**{¶ 16}** As for the remaining requirements, in an extraordinary action challenging the decision of a board of elections, the standard is whether the board " 'engaged in fraud, corruption, or abuse of discretion, or acted in clear disregard of applicable legal provisions.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 9, quoting *Whitman v. Hamilton Cty. Bd. of Elections*, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 11. This case does not involve allegations of fraud or corruption.

**{¶ 17}** The board of elections has the responsibility to "[r]eview, examine, and certify the sufficiency and validity of petitions and nominating papers." R.C. 3501.11(K). As part of that duty, boards must compare petition signatures with voter-registration cards to determine if the signatures are genuine. *State ex rel. Yiamouyiannis v. Taft*, 65 Ohio St.3d 205, 209, 602 N.E.2d 644 (1992).

**{¶ 18}** Patel's eligibility to sign the petition, as a registered elector, resident, and Democratic Party member, is not in question. The board conducted an evidentiary hearing and concluded, based on uncontroverted testimony, that the signature was definitely Patel's.

**{¶ 19}** But having decided to conduct a hearing, it was an abuse of discretion for the board to disregard the evidence that hearing produced. Once the board was satisfied that the signature on the petition was Patel's, it should have declared the signature valid and placed Scott's name on the ballot.

**{¶ 20}** We therefore grant the writ of mandamus. The Franklin County Board of Elections is ordered to add Scott's name to the May 6, 2014 primary ballot with all possible speed. This relief is prospective only. The board is not required to take any action with respect to ballots that have already been mailed to voters and/or cast at the board of elections.

                                                    Judgment reversed
                                                and writ granted.

O'CONNOR, C.J., and PFEIFER, LANZINGER, and O'NEILL, JJ., concur.

O'DONNELL, FRENCH, and KENNEDY, JJ., concur in judgment only.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 21} I agree that appellant, Zachary Scott, is entitled to a writ of mandamus placing his name on the May 6, 2014 primary ballot as a candidate for the Democratic Party State Central Committee. I write separately to explain why I believe that the board of elections abused its discretion when it invalidated the authentic petition signature of Tara Patel.

{¶ 22} The majority today condemns the board of elections for rejecting Patel's signature despite the board's certainty that the signature on the petition belonged to Patel. But the board did *not* invalidate the signature out of concern that the signature was inauthentic.

{¶ 23} The dispositive issue for the board and the Tenth District Court of Appeals was the mismatch between Patel's cursive signature on the petition and her printed signature on her voter-registration card. The board invalidated Patel's signature solely under R.C. 3501.011, a statute the majority opinion never mentions.

{¶ 24} I would hold that the board of elections cannot disqualify Patel's signature under R.C. 3501.011 because the board and the secretary of state invited this problem.

{¶ 25} The declaration-of-candidacy form approved by the secretary of state, Form No. 2-J (06-10), provides a space for the elector's "Signature." Patel did precisely what the form instructed her to do: she provided a signature.

{¶ 26} The form did not ask the elector to provide his or her "legal mark," or in any way put the elector on notice that a cursive/print mismatch would

invalidate the petition signature. Form No. 2-J (06-10) creates a trap for the unwary. It is fundamentally unfair, and an abuse of discretion, to tell voters that a "signature" will be acceptable, and then invalidate some of those signatures because they do not satisfy narrower, undisclosed criteria.

{¶ 27} Boards of elections have a statutory duty to certify the validity of petitions. R.C. 3501.11(K). This court has long held that the county boards must confirm that signatures are *genuine*. *State ex rel. Yiamouyiannis v. Taft*, 65 Ohio St.3d 205, 209, 602 N.E.2d 644 (1992). The design of Form No. 2-J strongly suggests that the secretary's interpretation of R.C. 3501.11(K)—to which we accord great deference—is that it obliges the boards to confirm the *authenticity* of signatures, but does not impose on them the responsibility to enforce R.C. 3501.011 by policing petition signatures for nonconforming legal marks.

{¶ 28} Because I believe that the writ of mandamus should issue, I concur in the court's judgment.

_____

Brunner Quinn, Jennifer L. Brunner, Patrick M. Quinn, and Peter A. Contreras, for appellant.

Mark W. Fowler, Assistant Delaware County Prosecuting Attorney, as special prosecuting attorney, for appellee.

_____