**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Crowl v. Delaware Cty. Bd. of Elections,* Slip Opinion No. 2015-Ohio-4097.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4097

THE STATE EX REL. CROWL *v.* DELAWARE COUNTY BOARD OF ELECTIONS.

*Elections—Mandamus—Nominating petition—Action to compel board of elections to place relator's name on the ballot—Writ granted.*

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Crowl v. Delaware Cty. Bd. of Elections,* Slip Opinion No. 2015-Ohio-4097.]**

(No. 2015-1505—Submitted September 30, 2015—Decided October 2, 2015.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Douglas Crowl, seeks a writ of mandamus compelling respondent, the Delaware County Board of Elections, to place his name on the November 3, 2015 general-election ballot as a candidate for Porter Township trustee.  We grant the writ.

*Background*

{¶ 2} Crowl gathered signatures on a nominating petition to run for the position of Porter Township trustee in the November 2015 general election. He timely filed the petition, which contained 28 signatures, with the board of elections.

{¶ 3} The board's staff marked eight signatures as not genuine. The board then determined that Crowl's petition did not have enough valid signatures to qualify for the ballot.

{¶ 4} Crowl objected. On September 2, 2015, the board held a hearing, at which Crowl presented affidavits from each of the eight signatories, attesting that the signatures marked "not genuine" were in fact genuine.

{¶ 5} The board voted three to one to deny the protest.

*Legal analysis*

{¶ 6} R.C. 3501.011(C) provides that an elector's "legal mark," for purposes of signing election documents, "shall be considered to be the mark of that elector as it appears on the elector's voter registration record." In the exercise of its duties under R.C. 3501.11(K), the board determined that the eight petition signatures were invalid because they did not match the signatures on those voters' registration forms.

{¶ 7} The board argues that R.C. 3501.011(C) makes a nonmatching signature per se invalid. The board contends that it has no discretion to accept a nonmatching signature on a nominating petition, even if the signatories come forward to authenticate their signatures.

{¶ 8} In *State ex rel. Scott v. Franklin Cty. Bd. of Elections*, 139 Ohio St.3d 171, 2014-Ohio-1685, 10 N.E.3d 697, ¶ 19, we confronted a similar issue, and, in accordance with the evidence presented as to the authenticity of the questioned signature, directed the board to count it as valid.

{¶ 9} The "Nominating Petition and Statement of Candidacy for Township Office" used by Crowl, which was prescribed by the secretary of state, Form No.

3-R (06-10), provides a space for the elector's "signature." Eight voters did precisely what the form instructed them to do: they provided a signature. The form did not ask the electors to provide his or her "legal mark," nor did it alert them that a mismatch could invalidate their signatures.

{¶ 10} Boards of elections have a statutory duty to certify the validity of petitions. R.C. 3501.11(K). This court has long held that these county boards must confirm that signatures are genuine. *State ex rel. Yiamouyiannis v. Taft*, 65 Ohio St.3d 205, 209, 602 N.E.2d 644 (1992). The design of Form No. 3-R strongly suggests that the secretary's interpretation of R.C. 3501.1 l(K)—to which we accord great deference—obliges the boards to confirm the authenticity of signatures, but it does not impose on them the responsibility to enforce R.C. 3501.011 by policing petition signatures for nonconforming legal marks. *See Scott* at ¶ 27 (Kennedy, J., concurring in judgment only).

{¶ 11} In this case, the board of elections admitted that the eight signatures in question were genuine. Because the board admitted that the signatures were genuine, it abused its discretion when it denied Crowl a place on the ballot.

Writ granted.

PFEIFER, O'DONNELL, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and FRENCH, J., concur in judgment only.

LANZINGER, J., dissents.

_____

**O'CONNOR, C.J.**, **concurring.**

{¶ 12} I concur in the judgment to grant a writ of mandamus on the authority of *Scott v. Franklin Cty. Bd. of Elections*, 139 Ohio St.3d 171, 2014-Ohio-1685, 10 N.E.3d 697. I write separately to highlight concerns that the two cases raise.

{¶ 13} R.C. 3513.263 creates a statutory mechanism through which an elector may challenge the sufficiency of signatures on or the validity of a

candidate's petition. However, the Revised Code does not appear to contain a comparable provision for a candidate to challenge the disqualification of the petition; certainly the parties have not pointed us to any provision. Nevertheless, boards of elections have permitted candidates to appear at board meetings to present evidence and argument in opposition to disqualifications. Our decision in *Scott* was an effort to make those appearances meaningful: if undisputed evidence shows a nonmatching signature to be genuine, then the board must count the signature even if it does not match the elector's legal mark on the voter-registration record.

{¶ 14} Ultimately, however, this is a problem in need of a statutory remedy by the General Assembly. Boards of elections need guidance on when to invalidate mismatched signatures and what evidence will suffice to validate a signature that does not match the signatory's legal mark. This clarification can come only from the General Assembly.

{¶ 15} The General Assembly should also consider whether voters should be required to update their legal mark on their voter-registration records or whether voters should be allowed to sign the voter-registration record both in cursive and by printing.

{¶ 16} But until these clarifications by the General Assembly occur, the solution mapped out in *Scott* remains the governing law, and I therefore concur in the judgment.

FRENCH, J., concurs in the foregoing opinion.

_____

**LANZINGER, J., dissenting.**

{¶ 17} Because respondent, the Delaware County Board of Elections, could not have abused its discretion when it was merely following a statutory mandate, I respectfully dissent. I would deny the writ, and I would overrule *State ex rel. Scott v. Franklin Cty. Bd. of Elections*, 139 Ohio St.3d 171, 2014-Ohio-1685, 10 N.E.3d 697, on which relator, Douglas Crowl, relies.

**{¶ 18}** Ohio's election laws require strict compliance. *State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77-01*, 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239, ¶ 49. An elector is required to sign a petition using his or her "legal mark," which is defined as "the mark of that elector as it appears on the elector's voter registration record." R.C. 3501.011(A) and (C). A board of elections' duty is to verify the authenticity of an elector's legal mark on a petition by ensuring that it matches the legal mark on the elector's voter-registration card. R.C. 3501.11(K); *State ex rel. Yiamouyiannis v. Taft*, 65 Ohio St.3d 205, 209, 602 N.E.2d 644 (1992). The statute does not require the board to hold an evidentiary hearing, nor does it provide any discretion to accept a signature that does not match an elector's legal mark as defined by R.C. 3501.011(A). To the extent that *Scott* holds otherwise, the decision should be overruled.

**{¶ 19}** The Delaware County Board of Elections did not abuse its discretion in complying with R.C. 3501.011 and 3501.11 when it rejected petition signatures that did not match the voters' legal marks. *See State ex rel. Greene v. Montgomery Cty. Bd. of Elections*, 121 Ohio St.3d 631, 2009-Ohio-1716, 907 N.E.2d 300, ¶ 20, 23. I respectfully dissent and would deny the writ.

––––––––––––––––––––––––

Douglas P. Crowl, pro se.

Carol Hamilton O'Brien, Delaware County Prosecuting Attorney, and Christopher D. Betts and Andrew J. King, Assistant Prosecuting Attorneys, for respondent.

––––––––––––––––––––––––