O’Connor, C.J.,
concurring.
{¶ 12} I concur in the judgment to grant a writ of mandamus on the authority of Scott v. Franklin Cty. Bd. of Elections, 139 Ohio St.3d 171, 2014-Ohio-1685, 10 N.E.3d 697. I write separately to highlight concerns that the two cases raise.
{¶ 13} R.C. 3513.263 creates a statutory mechanism through which an elector may challenge the sufficiency of signatures on or the validity of a candidate’s petition. However, the Revised Code does not appear to contain a comparable provision for a candidate to challenge the disqualification of the petition; certain *348 ly, the parties have not pointed us to any provision. Nevertheless, boards of elections have permitted candidates to appear at board meetings to present evidence and argument in opposition to disqualifications. Our decision in Scott was an effort to make those appearances meaningful: if undisputed evidence shows a nonmatching signature to be genuine, then the board must count the signature even if it does not match the elector’s legal mark on the voter-registration record.
{¶ 14} Ultimately, however, this is a problem in need of a statutory remedy by the General Assembly. Boards of elections need guidance on when to invalidate mismatched signatures and what evidence will suffice to validate a signature that does not match the signatory’s legal mark. This clarification can come only from the General Assembly.
{¶ 15} The General Assembly should also consider whether voters should be required to update their legal mark on their voter-registration records or whether voters should be allowed to sign the voter-registration record both in cursive and by printing.
{¶ 16} But until these clarifications by the General Assembly occur, the solution mapped out in Scott remains the governing law, and I therefore concur in the judgment.
French, J., concurs in the foregoing opinion.