Lanzinger, J.,
dissenting.
{¶ 17} Because respondent, the Delaware County Board of Elections, could not have abused its discretion when it was merely following a statutory mandate, I respectfully dissent. I would deny the writ, and I would overrule State ex rel. Scott v. Franklin Cty. Bd. of Elections, 139 Ohio St.3d 171, 2014-Ohio-1685, 10 N.E.3d 697, on which relator, Douglas Crowl, relies.
{¶ 18} Ohio’s election laws require strict compliance. State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77-01, 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239, ¶ 49. An elector is required to sign a petition using his or her “legal mark,” which is defined as “the mark of that elector as it appears on the elector’s voter registration record.” R.C. 3501.011(A) and (C). A board of elections’ duty is to verify the authenticity of an elector’s legal mark on a petition by ensuring that it matches the legal mark on the elector’s voter-registration card. R.C. 3501.11(K); State ex rel. Yiamouyiannis v. Taft, 65 Ohio St.3d 205, 209, 602 N.E.2d 644 (1992). The statute does not require the board to hold an evidentiary hearing, nor does it provide any discretion to accept a signature that *349 does not match an elector’s legal mark as defined by R.C. 3501.011(A). To the extent that Scott holds otherwise, the decision should be overruled.
Douglas P. Crowl, pro se.
Carol Hamilton O’Brien, Delaware County Prosecuting Attorney, and Christopher D. Betts and Andrew J. King, Assistant Prosecuting Attorneys, for respondent.
{¶ 19} The Delaware County Board of Elections did not abuse its discretion in complying with R.C. 3501.011 and 3501.11 when it rejected petition signatures that did not match the voters’ legal marks. See State ex rel. Greene v. Montgomery Cty. Bd. of Elections, 121 Ohio St.3d 631, 2009-Ohio-1716, 907 N.E.2d 300, ¶ 20, 23. I respectfully dissent and would deny the writ.